United States District Court
Southern District of Texas
**ENTERED**
May 20, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RANDALL BOLIVAR, § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO: H-15-2827 |
| § | |
| LORIE DAVIS, § | |
| Director of the Texas Department § | |
| of Criminal Justice - Correctional § | |
| Institutions Division, § | |
| Respondent. § | |

## MEMORANDUM AND RECOMMENDATION

This petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 has been referred to this magistrate judge for report and recommendation (Dkt. 5).

### Background

Randall Bolivar was convicted of possession of marijuana in the 105th Judicial District Court of Kleberg County, Texas on February 27, 2007 and sentenced to 5 years community supervision. His community supervision was later revoked and he was sentenced to 15 years in prison on April 28, 2011.

Bolivar was indicted in Cameron County, Texas for murder in 2009 and on January 9, 2014 was found guilty and sentenced by a jury to 45 years in prison, to run consecutively with the prior 15 year sentence.

On May 31, 2012, while serving his 15-year sentence for his marijuana conviction, Bolivar was released to Dickson County, Tennessee on a bench warrant to answer pending charges in that jurisdiction. Officials there improperly released Bolivar from custody. On July 8, 2012, TDCJ issued a warrant for the retaking of an administratively released prisoner, and

and on July 9, 2012, the parole board voted to deny Bolivar parole. Bolivar was returned to TDCJ custody and on August 3, 2012 an Erroneous Release Hearing was held at which the parole board voted to return Bolivar to normal parole review.

On January 31, 2013, Bolivar filed a state habeas application challenging the process by which he was returned to custody. The state habeas court dismissed the application as moot. Bolivar sought reconsideration, which was denied on May 20, 2014. Bolivar filed this federal petition on September 28, 2015.[1] Bolivar's seeks federal habeas relief on numerous grounds, essentially arguing that he should have been released on parole on his 15-year sentence so that he could begin earning credits toward completion of his 45-year sentence.

**Analysis**

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). In this case Bolivar is not challenging his original conviction. His one-year period of limitations runs from the date on which the factual predicate of his claims regarding his allegedly wrongful return to custody could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D). Bolivar should have known the factual predicate underlying his claims by the date of the erroneous release hearing, August 3, 2012. Thus, Bolivar's one-year statute of limitations under AEDPA expired on August 3, 2013, absent statutory or equitable tolling.

Bolivar's state application for writ of habeas corpus was filed on January 31, 2013,

---

[1] Because Bolivar did not utilize the prison mail to file his petition, the prison mail-box rule does not apply. *Cousin v. Lensing*, 310 F.3d 843, 847 n.2 (5th Cir. 2002). In any event, the petition would be untimely even considering it filed the date it was signed by Bolivar, September 16, 2015.

and was dismissed on April 30, 2014. His motion for reconsideration was denied on May 20, 2014, concluding collateral review.[2] This federal tolling period was tolled for 475 days while his state application was pending. 28 U.S.C. § 244(d)(2). Adding 475 days to August 3, 2013, the statute of limitations expired on November 21, 2014.

To the extent Bolivar's current claims assert errors in the state habeas proceeding, the statute of limitations began running at the latest on May 20, 2014, when his motion for reconsideration was denied, and expired one year later, on May 20, 2015.

Nothing in the petition or Bolivar's other numerous filings supports a finding that the federal statute of limitations is subject to equitable tolling. Therefore Bolivar's petition, filed on September 28, 2015, is time-barred.

**Recommendation and Orders**

For the reasons stated above, the court recommends that Bolivar's petition for writ of habeas corpus be denied with prejudice as time-barred. It is further ordered that Bolivar's motion to strike (Dkt. 17), motion for evidentiary hearing (Dkt. 19), motion to construe summary judgment as response (Dkt. 21), motion to appear telephonically (Dkt. 22), motion for discovery (Dkt. 24), and request for status conference (Dkt. 26) are denied.

The court further finds that Bolivar has not made a substantial showing either that he was denied a constitutional right or that it is debatable whether this court is correct in a

---

[2] Bolivar filed a subsequent pleading demanding review on the merits in August 2015, which the Court of Criminal Appeals promptly dismissed. This filing did not toll the limitations period because it was not a "properly filed application for State post-conviction or other collateral review." The same is true of Bolivar's two applications for writ of mandamus. *See* http://www.search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c (last visited May 10, 2016); *Moore v. Cain*, 298 F.3d 361, 367 (5th Cir. 2002).

procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the court recommends that a certificate of appealability not issue.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas on May 20, 2016.

Stephen Wm Smith
United States Magistrate Judge